IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01737-BNB

MIGUEL A. TAMARIZ,

Applicant,

v.

TED MINK, Jefferson County Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Miguel A. Tamariz, is a prisoner in the custody of the Jefferson County Sheriff and is currently incarcerated at the Jefferson County Detention Center in Golden, Colorado. He initiated this action by filing, through counsel, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.

On July 27, 2010, Magistrate Judge Boland ordered Respondents to file a pre-answer response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On July 27, 2010, Respondent Attorney General of the State of Colorado filed a notice indicating that because Mr. Tamariz was not a prisoner in the custody of the Colorado Department of Corrections, Respondent Attorney General did not have a client or issue to defend in the matter. On August 4, 2010, Respondent Jefferson County Sheriff Ted Mink filed a pre-answer response. Mr. Tamariz filed a reply on August 30, 2010.

This action arises out of a divorce case in the Jefferson County District Court, *Maria Tamariz v. Miguel Antonio Tamariz*, 2006DR1720. On October 2, 2009, a state court magistrate held a hearing on a contempt citation against Mr. Tamariz. Pre-Answer Resp. at 3. At the conclusion of the hearing, the magistrate found that Mr. Tamariz was aware of a court order, failed to comply with the court order, and had the present ability to comply with the court order. *Id.* The magistrate, therefore, found Mr. Tamariz in contempt of court and set sentencing on the contempt for February 4, 2010. *Id.* At the February 4 sentencing hearing, a different state court magistrate sentenced Mr. Tamariz to the remedial sanction of incarceration until such time that he purged the contempt by paying $75,211.00 and producing a life insurance policy. *Id.*

Mr. Tamariz filed a motion in the state court requesting that a district judge review the magistrate's contempt finding and the subsequent sentence. *Id.* On March 17, 2010, a state district judge denied Mr. Tamariz's motion for review of the magistrate's findings and orders. *Id.* Mr. Tamariz did not file an appeal of the state court's order with the Colorado Court of Appeals.

Mr. Tamariz filed a Petition for Rule to Show Cause Pursuant to Colorado Appellate Rule 21 with the Colorado Supreme Court on March 29, 2010. *Id.* at 4. On March 31, 2010, the Colorado Supreme Court denied Mr. Tamariz's Rule 21 Petition and denied Mr. Tamariz's request to stay execution of the sentence. *Id.*

Mr. Tamariz filed an Application for a Writ of Habeas Corpus in this Court on July 22, 2010. Mr. Tamariz asserts six claims in the Application. He alleges: (1) the failure of the state courts to apply controlling case law regarding his "ability to pay" in a

remedial contempt hearing violated his Fourteenth Amendment right to equal protection of the law; (2) Colorado caselaw that shifts the burden of proof to the contemnor to prove his inability to pay violated his Fourteenth Amendment right to due process and equal protection; (3) the Colorado rule of procedure regarding "present ability to pay" is facially unconstitutional for vagueness; (4) the Colorado rule of procedure regarding "present ability to pay" is facially unconstitutional as applied; (5) Existing Colorado appellate opinions interpreting the requirements of the rules of procedure for remedial contempt are unconstitutional as applied; and (6) Existing Colorado appellate opinions were applied by the trial court to impose a jail sentence in violation of his liberty interest. Mr. Tamariz seeks immediate release from custody.

Respondent asserts that Mr. Tamariz has failed to exhaust his claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.

3

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent explains that, pursuant to Colorado Rule of Civil Procedure 107(f), "[f]or the purposes of appeal, an order deciding the issue of contempt and sanctions shall be final." Pre-Answer Resp. at 5. Therefore, Respondent argues that the state district court entered a final appealable order on March 17, 2010, when it denied Mr. Tamariz's petition for review of the magistrate's contempt findings and orders. *Id.* Mr. Tamariz was then required to appeal that denial to the Colorado Court of Appeals within forty-five days of the ruling. *See* Colo. App. R. 4(b)(1). Mr. Tamariz admits that he did not file an appeal with the Colorado Court of Appeals, as he explains that he "reasonably estimated the 'slow track' to the Colorado Court of Appeals would have

4

taken in excess of 15 months . . . ." Reply at 7-8.

Instead of filing with the Colorado Court of Appeals, Mr. Tamariz explains that he elected to use the "'fast track' procedure[] . . ., i.e., direct appeal to the Colorado Supreme Court," in the form of the Petition for Rule to Show Cause Pursuant to Colorado Appellate Rule 21 that Mr. Tamariz filed with the Colorado Supreme Court on March 29, 2010. *Id.* at 7. However, Mr. Tamariz's Rule 21 petition was insufficient to exhaust Mr. Tamariz's state court remedies. This is because if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21. Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Accordingly, filing a petition the Colorado Supreme Court, in its discretion, may deny is not sufficient to exhaust state court remedies. *See Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009). Moreover, Mr. Tamariz admits that the Colorado Supreme Court did not address the merits of the claims he raises in this

5

action.

The Court finds that Mr. Tamariz has failed to invoke one complete round of Colorado's established appellate review process and, therefore, failed to exhaust his claims during the course of his state action. *See O'Sullivan*, 526 U.S. at 845. Mr. Tamariz argues that the standards for exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1) "are NOT applicable in THIS case which arises in the fully-distinguishable context of 'remedial', i.e. 'civil' contempt." Reply at 4 (emphasis in original). However, Mr. Tamariz fails to provide any relevant case law to bolster his argument that the standard for exhaustion of state court remedies in a habeas case involving incarceration for remedial contempt is different from the standard for exhaustion in a habeas case involving incarceration after a criminal conviction. Moreover, the Court has found no case that would support this position. Indeed, on at least one occasion, this Court has applied the standard of exhaustion under 28 U.S.C. § 2254(b)(1) to a case involving an incarceration for remedial contempt. *See, e.g., Chipman v. Alderman*, 2009 WL 2365411, at *2 (D. Colo. July 31, 2009) (unpublished decision). The Court, therefore, finds no extraordinary circumstances that would merit waiving the state court exhaustion requirement. Accordingly, the Court finds that Mr. Tamariz has failed to exhaust his state court remedies and the Application should be denied.

Finally, Mr. Tamariz is instructed that he is subject to the one-year tolling requirement under 28 U.S.C. § 2244(d). He also should take note that the time the instant action was pending in this Court does not toll the time under § 2244(d).

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  13th  day of  September , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01737-BNB

Jim D. Rogers
Attorney at Law
**DELIVERED ELECTRONICALLY**

James Lawrence Burgess
Jefferson County Attorney's Office
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk